Filed 3/13/23  P. v. Morgan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KINA MORGAN,<br><br>        Defendant and Appellant. | B319097<br><br>Los Angeles County<br>Super. Ct. No. NA041908 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke. Dismissed.

Richard B. Lennon and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, the Los Angeles County District Attorney filed an amended information charging defendant and appellant Kina Morgan with murder in violation of Penal Code section 187.[1] A jury found her guilty of first degree murder, found the lying-in-wait special circumstance allegation true, and the trial court sentenced her to life in prison without the possibility of parole. Morgan appealed, and this court affirmed the judgment.

In 2019, Morgan filed a petition to vacate her murder conviction under section 1172.6 (former section 1170.95).[2] The District Attorney filed an opposition and later filed a duplicate of that opposition. Each included, as exhibits, this court's opinion from Morgan's direct appeal (case no. B143755), the jury instructions from Morgan's trial, and the verdict form.

---

[1]     All undesignated statutory references are to the Penal Code. The amended information included a knife use allegation (§ 12022, subd. (b)(1)), but that allegation was crossed out with a notation that the prosecution chose not to proceed on it at trial. The amended information in this record does not include a lying-in-wait special circumstance allegation, but the jury was instructed on it.

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For the sake of simplicity, we will refer to the statute by its new code section. That section provides relief for certain individuals convicted of murder under the felony murder rule or natural and probable consequences doctrine. (See § 1172.6; Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The trial court appointed counsel on Morgan's behalf. Morgan filed a written *Marsden* motion.[3] She also submitted a peremptory challenge per Code of Civil Procedure section 170.6, alleging the trial judge overseeing her section 1172.6 petition was prejudiced against her. The trial court denied the 170.6 challenge as untimely and continued its ruling on the *Marsden* motion. Defense counsel filed a written request that Morgan be given new counsel, saying that communications had reached an impasse. Attached to the request was another copy of the jury instructions given at Morgan's trial plus the verdict form.

After holding a hearing, the trial court denied the *Marsden* motion, reiterated its ruling that the 170.6 challenge was untimely, and denied the section 1172.6 petition. In denying section 1172.6 relief, the court noted Morgan was not tried on a felony murder or natural and probable consequences theory of liability.

Morgan timely appealed, and we appointed counsel to represent her. On August 4, 2022, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Morgan did not respond to our letter advising her of her right to file supplemental briefing.[4]

---

3     *People v. Marsden* (1970) 2 Cal.3d 118.

4     After filing the *Wende* brief, appellate counsel filed an extension of time request on Morgan's behalf, indicating her client had reached out, expressed that she intended to file a supplemental brief, and asked counsel to file the extension request. We granted the request but never received briefing from Morgan.

Because Morgan's appeal is from an order denying section 1172.6 postconviction relief, this court has no duty to independently review the record for reasonably arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222.)[5] We therefore dismiss Morgan's appeal as abandoned.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

COLLINS, Acting P.J.

SCADUTO, J.*

---

5      We do note, however, that because the jury was not instructed on felony murder or natural and probable consequences liability, the record demonstrates as a matter of law Morgan is not entitled to section 1172.6 relief.

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.